## THE PEOPLE *v.* BURGOS.

### APPEAL from the District Court of San Juan, Section 2.

#### No. 416.—Decided February 23, 1912.

HABEAS CORPUS—PLEA OF FORMER JEOPARDY.—*Habeas corpus* is perhaps the proper proceeding for reviewing the decision of a court in a case in which a person accused of a crime pleads former jeopardy as a defense if the court rejected the plea and refused to hear him on it, but in a case in which the court heard the evidence offered by the accused in support of said plea and overruled it a question of fact was raised which can be reviewed only by appeal.

ID.—APPEAL AND ERROR.—It is a well-known principle of law that *habeas corpus* cannot be substituted for appeal and error.

ID.—NATURE OF PLEA OF FORMER JEOPARDY.—The question raised by the plea of former jeopardy is a question of fact.

ID.—FIFTH AMENDMENT TO CONSTITUTION—CONSTITUTIONAL QUESTION—REVIEW BY HABEAS CORPUS.—When a person accused of a crime pleads former jeopardy and the trial court rules that the fact is not proven the accused has no right to a review of the decision of the lower court in *habeas corpus* proceedings on the mere allegation that the Constitution has been violated.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellant.

*Mr. Charles E. Foote, fiscal,* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

An information was presented against Rafael Burgos in the District Court of San Juan for an assault with intent to commit manslaughter. The case was brought to trial before a jury which did not agree and was discharged. Subsequently the information was dismissed and a complaint for aggravated assault and battery filed in the municipal court. Before the municipal court the defendant pleaded former jeopardy and on appeal presented the same plea in the district court. The court found him guilty and sentenced him to a year in prison, $100 fine and the costs. The judgment was appealed to this court but there was no means of reviewing the facts and the judgment was affirmed. Subsequently this peti-

tion for *habeas corpus* was filed in the District Court of San Juan which issued the writ and after a hearing denied the petition. From the judgment of the district court the petitioner appealed.

Appellant complains first that the prosecution in the district court was dismissed without his consent, but we fail to understand how an act setting a prisoner at liberty, releasing him from custody, can be reviewed in a proceeding of *habeas corpus*. There would be nobody to answer the writ. His subsequent custody is independent of the dismissal of the information.

Appellant maintains that the District Court of San Juan in refusing to discharge the prisoner on his plea of second jeopardy has violated the provisions of the Constitution of the United States and the provisions of the law in regard to second jeopardy.

How far the Constitution applies to Porto Rico it is unnecessary to decide in this case. If a man asserted his right not to be twice put in jeopardy and the court refused to entertain the plea and denied a hearing thereon, this would be a matter of procedure which might be reached by an application for *habeas corpus*. Where, however, the court admits the plea and hears evidence thereon, only an issue of fact is involved. For such issues of fact the law gives an ample remedy by appeal. It is a familiar principle that the writ of *habeas corpus* cannot be made to perform the office of an appeal or a writ of error. *Ex parte Parks*, 93 U. S., 18; *United States v. Pridgeon*, 153 U. S., 48; *Ex parte Hobart S. Bird*, 5 P. R. R., 505; *Ex parte Hollis*, 59 Cal., 405, 407. The plea of second jeopardy, the issue and judgment thereon involve no different principle. Church on *Habeas Corpus*, sec. 253 and cases cited. If the mere fact that a constitutional provision was alleged to be violated would give rise to a right to a writ the courts would be filled with applications of this nature and nearly every case could, after trial and judgment, be tried

*de novo* therein.   The fifth amendment to the Constitution of the United States provides:

"No person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases existing in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall he be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due ·process of law; nor shall private property· be taken for public use without just compensation."

It can readily be seen that if contentions of petitioner were sound, all questions of confession, of due process of law and others suggested by the fifth and sixth amendments could be inquired into even after due trial and appeal.   The defendant may, under a plea of second jeopardy, fail to show any former jeopardy, and the bare fact that he asserts that the court found against him in violation of the Constitution does not give him the right to have court action reviewed under a writ of *habeas corpus.*

The judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, del Toro and Aldrey concurred.